1  Nicholas J. Bontrager, Esq. (SBN 252114)
   Krohn & Moss, Ltd.
2  5055 Wilshire Blvd, Suite 300
   Los Angeles, CA  90036
3  T: (323) 988-2400; F: (866) 802-0021
   nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,

5

**FILED**

JUL 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*Fee Paid*
*155*
*99*

6  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

7  **SAN FRANCISCO DIVISION**

ADR
E-filing
CW

C08-03387

8  LAURA D'AMICO                          )    Case No.:
                                          )
9              Plaintiff,                  )    **VERIFIED COMPLAINT AND DEMAND**
                                          )    **FOR JURY TRIAL**
10      vs.                                )
                                          )    **(Unlawful Debt Collection Practices)**
11  ASPEN                                  )
                                          )
12             Defendant.                  )
                                          )
13  ─────────────────────────────────     )

14                          **COMPLAINT**

15      COMES NOW the Plaintiff, LAURA D'AMICO ("Plaintiff"), by and through his

16  attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ASPEN,

17  alleges and affirmatively states as follows:

18                          **INTRODUCTION**

19      1.    The United States Congress has found abundant evidence of the use of abusive,

20  deceptive, and unfair debt collection practices by many debt collectors, and has determined that

21  abusive debt collection practices contribute to the number of personal bankruptcies, to marital

22  instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

23  Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

24  abusive debt collection practices by debt collectors, to insure that those debt collectors who

25  refrain from using abusive debt collection practices are not competitively disadvantaged, and to

- 1 -

VERIFIED COMPLAINT

1  promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C.
2  1692(a) – (e)).

3  2.   The California legislature has determined that the banking and credit system and
4  grantors of credit to consumers are dependent upon the collection of just and owing debts and
5  that unfair or deceptive collection practices undermine the public confidence that is essential to
6  the continued functioning of the banking and credit system and sound extensions of credit to
7  consumers. The Legislature has further determined that there is a need to ensure that debt
8  collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights
9  and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.
10 (Cal. Civ. Code §1788.1(a) – (b)).

11 3.   Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions
12 of ASPEN (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to
13 unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused
14 Plaintiff damages.

15 4.   For the purposes of this Petition, unless otherwise indicated, "Defendant"
16 includes all agents, employees, officers, members, directors, heirs, successors, assigns,
17 principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this
18 caption.

19 **JURISDICTION AND VENUE**

20 5.   Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that
21 such actions may be brought and heard before "any appropriate United States district court
22 without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental
23 jurisdiction over the state claims contained therein.

24 6.   Because Defendant conducts business in the state of California, personal
25 jurisdiction is established.

- 2 -

VERIFIED COMPLAINT

7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

### PARTIES

9.    Plaintiff is a natural person who resides in the City of South San Francisco, County of San Mateo, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a mailing address in City of Atlanta, State of Georgia.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

- 3 -

VERIFIED COMPLAINT

1

## FACTUAL ALLEGATIONS

2      14.    Sometime in May of 2008, Defendant began placing constant and continuous
3  collection calls to Plaintiff seeking and demanding payment of an alleged debt.

4      15.    Defendant failed to furnish Plaintiff with a written notice regarding her rights to
5  dispute or seek validation of the alleged debt.

6      16.    Defendant placed collection calls to Plaintiff and falsely told her that her hired
7  debt counseling service was "lying" to her and not mailing payments to the Defendant.

8      17.    Defendant left messages informing Plaintiff that it was "important" and that
9  Defendant needed to hear from Plaintiff "today". (See Exhibit A).

10     18.    Defendant placed collection calls to Plaintiff and informed her that if she did not
11 pay Defendant a sum of approximately $19.00 by July 7, 2008, that Defendant would be
12 "forced" to put a $70.00 unidentified fee onto her account.

13     19.    Defendant has placed collection calls to Plaintiff and left voice messages were
14 Defendant fails to state that it is a debt collector and that information sought would be used for
15 such purposes. (See Exhibit A).

16     20.    From June 23, 2008 to July 2, 2008, Defendant placed at least fifteen (15)
17 collection calls to Plaintiff. (See Exhibit B).

18     21.    On June 29, 2008, Defendant placed at least four (4) collection calls to Plaintiff.
19 (See Exhibit B).

20     22.    On July 1, 2008, Defendant placed at least five (5) collection calls to Plaintiff.
21 (See Exhibit B).

22     23.    On July 7, 2008, Plaintiff's attorneys sent written notice to Defendant informing
23 it of Plaintiff's retention of legal counsel. (See Exhibit C).

24     24.    On July 8, 2008 and July 9, 2008, Defendant continued to place collection calls
25 to Plaintiff. (See Exhibit D).

- 4 -

1

## COUNT I

2

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

3

4

25.    Plaintiff repeats, reallages and incorporates by reference all of the foregoing

5

paragraphs.

6

26.    Defendant **violated the FDCPA**.  Defendant's violations include, but are not

7

limited to the following:

8

a).    Defendant violated the FDCPA § 1692dc(a)(2) when Defendant, through its

9

agents and employees, directly contacted Plaintiff after receiving written notice of her retention

10

of legal counsel.

11

b).    Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents

12

and employees, informed Plaintiff that its call was "important" and that "I need to hear from you

13

today" regarding the alleged debt.

14

c).    Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its

15

agents and employees, informed Plaintiff that she would be subject to a $70 fee if she did not

16

make an immediate payment of approximately $19 to Defendant.

17

d).    Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents

18

and employees, excessively placed collection calls and caused Plaintiff's phone to ring

19

excessively.

20

e).    Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents

21

and employees, falsely informed Plaintiff that her credit counselors were not making payments

22

to Defendant.

23

f).    Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents

24

and employees, failed to properly identify itself as a debt collector and inform Plaintiff that

25

information sought would be used for such purposes.

- 5 -

g).     Defendant violated the FDCPA § 1692g(a) when Defendant, through its agents and employees, failed to provide Plaintiff with written notice of her rights to dispute and seek validation of the alleged debt within five (5) days of initial contact.

26.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, depression and other symptoms and ailments.

**COUNT II**

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.**

27.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

28.     Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a).     Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector.

b).     Defendant violated the RFDCPA § 1788.11(d) when Defendant, through its agents and employees, caused Plaintiff's telephone to ring repeatedly and continuously as to annoy her.

c).     Defendant violated the RFDCPA § 1788.14(c) when Defendant, through its agents and employees, directly contacted Plaintiff after receiving written notice of her retention of legal counsel.

d).     Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

29.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, depression and other symptoms and ailments.

- 6 -

VERIFIED COMPLAINT

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

30. Declaratory judgment that the Defendant's conduct violated the FDCPA.

31. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

32. Actual damages.

33. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

34. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

35. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and the RFDCPA, Cal Civ. 1788.30(c).

36. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  July 10, 2008                    KROHN & MOSS, LTD.

By:

Nicholas J. Bontrager
Attorney for Plaintiff

///

///

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LAURA D'AMICO, hereby demands trial by jury in this action.

- 7 -

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

    Plaintiff, LAURA D'AMICO, says as follows:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, LAURA D'AMICO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7-7-08

                         Laura D'Amico,
                         Plaintiff

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9

## **EXHIBIT A**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VERIFIED COMPLAINT

**PLEASE NOTE:**

Plaintiff's attorneys are in possession of a voice recording left by a collection agent for Defendant, which details and further establishes the allegations referring to this <u>EXHIBIT A</u>.

For purposes of practicality, said recording is not attached to this complaint but will be available if needed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### **EXHIBIT B**

VERIFIED COMPLAINT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT C</u>**

VERIFIED COMPLAINT

# Krohn & Moss, Ltd.

*(Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Wisconsin, Washington, DC)*
**5055 Wilshire Blvd Suite 300**
**Los Angeles, CA. 90036**
**www.krohnandmoss.com**

*Writer's Direct Number*
*(323) 988-2400 Ext. 222*
*Writer's Direct Facsimile*
*(866) 431-5575*
*Writer's Direct E-Mail*
*akrohn@consumerlawcenter.com*

*Writer licensed to practice*
*only in:*
*Illinois*
*Missouri*
*Wisconsin (inactive)*

July 7, 2008

*VIA FACSIMILE (707) 870-5197*

Aspen
PO Box 105555
Atlanta, GA 30348-5555

      *Re:*   *Laura D'Amico  v. Aspen*
           *Our File No.:  FD124C08PA*

To Whom It May Concern:

     I am writing on behalf of Laura D'Amico to make a formal request for an amicable resolution to the above referenced matter.

     Please be aware that my firm has prepared a Verified Civil Complaint that is ready for filing in an appropriate Court of Law (see attached).  Said complaint, being both verified and supported by exhibits, will establish your and/or your client's violations of the FDCPA and RFDCPA.  Should we proceed to court, you and/or your client would be required to pay my client's attorneys fees, and be subject to an award for statutory and/or actual damages in addition to possible emotional damages.  *See Smith v. Law Office of Mitchell N. Kay* 124 B.R. 182, 185 (1990).

     I invite you to discuss this matter with your client and promptly contact me thereafter to prevent the need for litigation.

Sincerely,

Adam J. Krohn
Attorney at Law

From: Fax.com Email to Fax [reports@fax.com]
Sent: Monday, July 07, 2008 3:22 PM
To: Bontrager,Nick
Subject: Fax Confirmation - OK

Your fax to an unknown recipient at fax number 4047367085 succeeded.

FSID: 69960051

Attempts made: 1
Pages delivered: 15
Minutes spent delivering this fax: 8
The baud rate was: 0000

The following are the attempts made and the results that occurred:
07/07/2008 - 15:13:18 - 0( Success )


Documents being delivered:
1   HTML Message Body
2   Second Demand with Complaint.pdf


No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.4.6/1538 - Release Date: 7/7/2008 7:40 AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT D</u>**

VERIFIED COMPLAINT



1  Nicholas J. Bontrager, Esq. (SBN 252114)
   Krohn & Moss, Ltd.
2  5055 Wilshire Blvd, Suite 300
   Los Angeles, CA 90036
3  T: (323) 988-2400; F: (866) 802-0021
   nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,

5

**ORIGINAL FILED**

JUL 14 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

CW

6  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

7  **SAN FRANCISCO DIVISION**

C08-03387

8  LAURA D'AMICO                          )  Case No.:
                                          )
9              Plaintiff,                  )  **VERIFIED COMPLAINT AND DEMAND**
                                          )  **FOR JURY TRIAL**
10       vs.                              )
                                          )  **(Unlawful Debt Collection Practices)**
11  ASPEN                                  )
                                          )
12             Defendant.                  )
                                          )
13                                         )

14

15                          **COMPLAINT**

    COMES NOW the Plaintiff, LAURA D'AMICO ("Plaintiff"), by and through his

16 attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ASPEN,

17 alleges and affirmatively states as follows:

18                          **INTRODUCTION**

19    1.    The United States Congress has found abundant evidence of the use of abusive,

20 deceptive, and unfair debt collection practices by many debt collectors, and has determined that

21 abusive debt collection practices contribute to the number of personal bankruptcies, to marital

22 instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair

23 Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

24 abusive debt collection practices by debt collectors, to insure that those debt collectors who

25 refrain from using abusive debt collection practices are not competitively disadvantaged, and to

- 1 -

VERIFIED COMPLAINT

1 promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C.

2 1692(a) – (e)).

3     2.     The California legislature has determined that the banking and credit system and

4 grantors of credit to consumers are dependent upon the collection of just and owing debts and

5 that unfair or deceptive collection practices undermine the public confidence that is essential to

6 the continued functioning of the banking and credit system and sound extensions of credit to

7 consumers. The Legislature has further determined that there is a need to ensure that debt

8 collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights

9 and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices

10 (Cal. Civ. Code §1788.1(a) – (b)).

11     3.     Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions

12 of ASPEN (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to

13 unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

14 Plaintiff damages.

15     4.     For the purposes of this Petition, unless otherwise indicated, "Defendant"

16 includes all agents, employees, officers, members, directors, heirs, successors, assigns,

17 principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this

18 caption.

19                           **JURISDICTION AND VENUE**

20     5.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

21 such actions may be brought and heard before "any appropriate United States district court

22 without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental

23 jurisdiction over the state claims contained therein.

24     6.     Because Defendant conducts business in the state of California, personal

25 jurisdiction is established.

VERIFIED COMPLAINT

1    7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

2    8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

3                                        **PARTIES**

4    9.    Plaintiff is a natural person who resides in the City of South San Francisco,

5    County of San Mateo, State of California and is obligated or allegedly obligated to pay a debt

6    and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7    10.    Plaintiff is a natural person from whom a debt collector sought to collect a

8    consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a

9    "debtor" as that term is defined by California Civil Code § 1788.2(h).

10    11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a

11    national company with a mailing address in City of Atlanta, State of Georgia.

12    12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses

13    instrumentalities of interstate commerce or the mails in any business the principal purpose of

14    which is the collection of any debts, or who regularly collects or attempts to collect, directly or

15    indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as

16    that term is defined by 15 U.S.C. § 1692a(6).

17    13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a

18    firm of attorneys or counselors at law and is a company who, in the ordinary course of business,

19    regularly, on behalf of itself or others, engages in debt collection as that term is defined by

20    California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California

21    Civil Code § 1788.2(c).

22    ///

23    ///

24    ///

25

- 3 -

VERIFIED COMPLAINT

**FACTUAL ALLEGATIONS**

14.     Sometime in May of 2008, Defendant began placing constant and continuous collection calls to Plaintiff seeking and demanding payment of an alleged debt.

15.     Defendant failed to furnish Plaintiff with a written notice regarding her rights to dispute or seek validation of the alleged debt.

16.     Defendant placed collection calls to Plaintiff and falsely told her that her hired debt counseling service was "lying" to her and not mailing payments to the Defendant.

17.     Defendant left messages informing Plaintiff that it was "important" and that Defendant needed to hear from Plaintiff "today". (See Exhibit A).

18.     Defendant placed collection calls to Plaintiff and informed her that if she did not pay Defendant a sum of approximately $19.00 by July 7, 2008, that Defendant would be "forced" to put a $70.00 unidentified fee onto her account.

19.     Defendant has placed collection calls to Plaintiff and left voice messages were Defendant fails to state that it is a debt collector and that information sought would be used for such purposes. (See Exhibit A).

20.     From June 23, 2008 to July 2, 2008, Defendant placed at least fifteen (15) collection calls to Plaintiff. (See Exhibit B).

21.     On June 29, 2008, Defendant placed at least four (4) collection calls to Plaintiff. (See Exhibit B).

22.     On July 1, 2008, Defendant placed at least five (5) collection calls to Plaintiff. (See Exhibit B).

23.     On July 7, 2008, Plaintiff's attorneys sent written notice to Defendant informing it of Plaintiff's retention of legal counsel. (See Exhibit C).

24.     On July 8, 2008 and July 9, 2008, Defendant continued to place collection calls to Plaintiff. (See Exhibit D).

- 4 -

## COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

25.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

26.    Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a).    Defendant violated the FDCPA § 1692dc(a)(2) when Defendant, through its agents and employees, directly contacted Plaintiff after receiving written notice of her retention of legal counsel.

b).    Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents and employees, informed Plaintiff that its call was "important" and that "I need to hear from you today" regarding the alleged debt.

c).    Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents and employees, informed Plaintiff that she would be subject to a $70 fee if she did not make an immediate payment of approximately $19 to Defendant.

d).    Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls and caused Plaintiff's phone to ring excessively.

e).    Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents and employees, falsely informed Plaintiff that her credit counselors were not making payments to Defendant.

f).    Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector and inform Plaintiff that information sought would be used for such purposes.

1    g).    Defendant violated the FDCPA § 1692g(a) when Defendant, through its agents

2   and employees, failed to provide Plaintiff with written notice of her rights to dispute and seek

3   validation of the alleged debt within five (5) days of initial contact.

4       26.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

5   stress, anxiety, humiliation, depression and other symptoms and ailments.

6                              <u>COUNT II</u>

7    <u>DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION
    PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.</u>

8

9       27.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing

10  paragraphs.

11      28.    Defendant **violated the RFDCPA**. Defendant's violations include, but are not

12  limited to the following:

13      a).    Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its

14  agents and employees, failed to properly identify itself as a debt collector.

15      b).    Defendant violated the RFDCPA § 1788.11(d) when Defendant, through its

16  agents and employees, caused Plaintiff's telephone to ring repeatedly and continuously as to

17  annoy her.

18      c).    Defendant violated the RFDCPA § 1788.14(c) when Defendant, through its

19  agents and employees, directly contacted Plaintiff after receiving written notice of her retention

20  of legal counsel.

21      d).    Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents

22  and employees, continuously failed to comply with the statutory regulations contained within

23  the FDCPA, 15 U.S.C. § 1692 *et seq.*

24      29.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

25  stress, anxiety, humiliation, depression and other symptoms and ailments.

- 6 -

VERIFIED COMPLAINT

1    **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

2  Defendant for the following:

3         30. Declaratory judgment that the Defendant's conduct violated the FDCPA.

4         31. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

5         32. Actual damages.

6         33. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

7         34. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

8         35. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and

9  the RFDCPA, Cal Civ. 1788.30(c).

10        36. Any other relief that this court deems to be just and proper.

11                              RESPECTFULLY SUBMITTED,

12  DATED:  July 10, 2008              KROHN & MOSS, LTD.

13

14                              By:

15                                 Nicholas J. Bontrager
                                   Attorney for Plaintiff
16

17

18  ///

19  ///

20                        **DEMAND FOR JURY TRIAL**

21        PLEASE TAKE NOTICE that Plaintiff, LAURA D'AMICO, hereby demands trial by

22  jury in this action.

23

24

25

                                    - 7 -

                            VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, LAURA D'AMICO, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LAURA D'AMICO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7-7-08

Laura D'Amico,
Plaintiff

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT A**

VERIFIED COMPLAINT

## PLEASE NOTE:

Plaintiff's attorneys are in possession of a voice recording left by a collection agent for Defendant, which details and further establishes the allegations referring to this EXHIBIT A.

For purposes of practicality, said recording is not attached to this complaint but will be available if needed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

VERIFIED COMPLAINT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT C**

VERIFIED COMPLAINT

# Krohn & Moss, Ltd.

(Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Wisconsin, Washington, DC)

**5055 Wilshire Blvd Suite 300**
**Los Angeles, CA. 90036**
**www.krohnandmoss.com**

*Writer's Direct Number*
**(323) 988-2400 Ext. 222**
*Writer's Direct Facsimile*
**(866) 431-5575**
*Writer's Direct E-Mail*
**akrohn@consumerlawcenter.com**

*Writer licensed to practice*
*only in:*
***Illinois***
***Missouri***
***Wisconsin (inactive)***

July 7, 2008

*VIA FACSIMILE (707) 870-5197*

Aspen
PO Box 105555
Atlanta, GA 30348-5555

> Re:   *Laura D'Amico  v. Aspen*
>        *Our File No.:  FD124C08PA*

To Whom It May Concern:

    I am writing on behalf of Laura D'Amico to make a formal request for an amicable resolution to the above referenced matter.

    Please be aware that my firm has prepared a Verified Civil Complaint that is ready for filing in an appropriate Court of Law (see attached). Said complaint, being both verified and supported by exhibits, will establish your and/or your client's violations of the FDCPA and RFDCPA. Should we proceed to court, you and/or your client would be required to pay my client's attorneys fees, and be subject to an award for statutory and/or actual damages in addition to possible emotional damages. *See Smith v. Law Office of Mitchell N. Kay 124 B.R. 182, 185 (1990).*

    I invite you to discuss this matter with your client and promptly contact me thereafter to prevent the need for litigation.

        Sincerely,

        Adam J. Krohn
        Attorney at Law

file:///G|/All%20Files-FDC/Open%20Files/D'Am... /%20Laura%20v.%20AC Bank/Prelitigation%20Inv/ ...tion/Fax%20Confirmation%20-%20OK.txt

Case 4:08-cv-03387-CW Document 1-2 Filed 07/14/2008 Page 15 of 17

From: Fax.com Email to Fax [reports@fax.com]
Sent: Monday, July 07, 2008 3:22 PM
To: Bontrager,Nick
Subject: Fax Confirmation - OK

Your fax to an unknown recipient at fax number 4047367085 succeeded.

FSID: 69960051

Attempts made: 1
Pages delivered: 15
Minutes spent delivering this fax: 8
The baud rate was: 0000

The following are the attempts made and the results that occurred:
07/07/2008 - 15:13:18 - 0( Success )

Documents being delivered:
1   HTML Message Body
2   Second Demand with Complaint.pdf

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.4.6/1538 - Release Date: 7/7/2008 7:40 AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT D</u>**

- 12 -

VERIFIED COMPLAINT

